### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WENDELL K. BROWN, | : | CIVIL NO.  3:CV-04-2083 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| DESMOND, WARDEN, et al., | : | |
| **Defendants** | : | |

## MEMORANDUM AND ORDER

Plaintiff, Wendell K. Brown ("Brown"), an inmate formerly incarcerated at the Lycoming County Prison, White Deer, Pennsylvania, filed this action on September 21, 2004.  (Doc. 1). Presently pending is Defendants' motion to dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to FED. R. CIV. P. 12(b)(6).  (Doc. 12).  The motion is presently ripe for disposition. For the reasons set forth below, the motion to dismiss will be granted.[1]  However, Brown will be afforded the opportunity to amend the complaint.

I. Allegations contained in the complaint.

Brown alleges that upon his arrival at Lycoming County prison on July 20, 2004, he informed Defendants Desmond, Deparlos and Poorman of his spinal cord injury and his need for a wheelchair.  (Doc. 1, p. 2).  He states that after a brief physical examination and questioning by a nurse, he was taken to a single cell in the Special Management Unit and placed on the floor of his cell.  (*Id.* at p. 3).  He alleges that, at times between July 21, 2004 and July 26, 2004, he had to drag himself into the shower because he was without a wheelchair.  Brown also alleges

---

[1]Also pending are several other motions.  (Docs. 19, 24 and 31).  Because the motion to dismiss the complaint will be granted, these pending motions will be denied as moot.

that during his stay in the SMU, Defendant Poorman was brought to his cell to witness taunts by a lieutenant.

At a later date, he was taken to another "non-handicap" cell where he was placed on a bed without his wheelchair. The following day, a white inmate was given complete access to a wheelchair.

Brown seeks relief "for violations of the plaintiff's constitutional rights underneath the eighth and fourteenth amendments of the United States Constitution and violation of the Americans with Disabilities Act, the Plaintiff is seek [sic] an injunction in which orders Warden Desmond to supply Lycoming County Prison with handicap housing units and cells, compensatory damage in the amount of $50,0000 dollars, punitive damage in the amount of $75,000." (Doc. 1, p. 5).

II. Motion to Dismiss.

A. Standard of Review.

When evaluating a motion to dismiss, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court assumes the truth of plaintiff's allegations, and draws all favorable inferences therefrom. *See, Rocks v. City of Philadelphia*, 868 F. 2d. 644, 645 (3d. Cir.1989). A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957); *Ransom v. Marrazzo*, 848

F.2d 398, 401 (3d Cir. 1988). A complaint that sets out facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Estelle v. Gamble*, 429 U.S. 97, 107-108 (1976).

B. Discussion.

 1. Americans with Disabilities Act Claim.

Defendants move to dismiss Brown's Americans with Disabilities Act ("ADA") claim. Brown names individual Defendants Warden Desmond, Deputy Warden Deparlos and Nurse Poorman. However, individuals are not liable under the ADA because it prohibits discrimination in programs of a "public entity" or discrimination "by such entity," 42 U.S.C. §12132, and "public entity" is not defined in the definitional section, 42 U.S.C. § 12131, to include individuals. *Yeskey v. Pennsylvania*, 76 F. Supp.2d 572, 575 (M.D.Pa. 1999), *citing Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005, n. 8 (8th Cir. 1999)(*en banc*). Defendants' motion will be granted as to this claim.

 2. Eighth Amendment Claim.

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 827 (1994) *citing Helling v. McKinney*, 509 U.S. 25 (1993); *Wilson v. Seiter*, 501 U.S. 294 (1991); *Estelle*, 429 U.S. 97. An inadequate medical care claim, as is presented here, requires allegations that the prison official acted with "deliberate indifference to serious medical needs" of the plaintiff, while a prisoner. *Estelle*, 429 U.S. at 104; *Unterberg v. Correctional Medical Systems, Inc.*, 799

F. Supp. 490, 494-95 (E.D. Pa. 1992). The official must know of and disregard an excessive risk to inmate health or safety. *Farmer,* 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* "The question . . . is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health.'" *Farmer,* 511 U.S. at 843. This test "affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients. Courts will 'disavow any attempt to second guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment.'" *Little v. Lycoming County,* 912 F.Supp. 809, 815 (M.D. Pa) *aff'd,* 103 F.3d 691 (1996) *citing Inmates of Allegheny County Jail v. Pierce,* 612 F.2d 754,762 (3d Cir. 1979), *quoting Bowring v. Godwin,* 551 F.2d 44, 48 (4ᵗʰ Cir. 1977).

Defendants seek to dismiss the Eighth Amendment claim for lack of personal involvement. "A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement may be shown through allegations of personal direction or actual knowledge and acquiescence." *Rode v. Dellarciprete,* 845 F.2d 1195, 1207-08 (3d Cir.1988). While Brown alleges that the named Defendants knew of his condition, he fails to set forth any allegations of conduct amounting to an eighth amendment violation.

Also, it is well established that claims brought under § 1983 cannot be premised on a theory of *respondeat superior. Id.* Rather, each named defendant must be shown, *via* the

complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. *See Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077 (3d Cir. 1976). As explained in *Rode*:

> A defendant in a civil rights action must have personal involvement
> in the alleged wrongs . . . [P]ersonal involvement can be shown
> through allegations of personal direction or of actual knowledge and
> acquiescence. Allegations of participation or actual knowledge and
> acquiescence, however, must be made with appropriate particularity.

*Rode*, 845 F.2d at 1207. There is no question that Brown seeks to impose liability on both Defendants Desmond and Deparlos based on their supervisory roles. The complaint against them is therefore subject to dismissal.

Further, as concerns non-medical Defendants Desmond and Deparlos, if a prisoner is under the care of medical experts, as is the case here, a non-medical prison official cannot be considered deliberately indifferent for failing to respond to an inmate's medical complaints, "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are misleading (or not treating) a prisoner. . . ." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004); *Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993).

### 3. Verbal harassment.

Brown also alleges that Defendant Poorman was present while Brown was taunted by a lieutenant. Such allegations are insufficient to state a constitutional violation. The use of words, however violent, generally cannot constitute conduct actionable under § 1983. *Johnson v. Glick*, 481 F.2d 1028, 1033 n.7 (2d Cir. 1973); *Maclean v. Secor*, 876 F. Supp. 695, 698-99 (E.D. Pa.

1995). Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations. *Fisher v. Woodson*, 373 F. Supp. 970, 973 (E.D. Va. 1973); *see also Balliet v. Whitmire*, 626 F. Supp. 219, 228-29 (M.D. Pa. 1986) ("[v]erbal abuse is not a civil rights violation . . . "). Brown fails to state an actionable claim against Defendant Poorman.

III. Leave to amend.

Although the motion to dismiss will be granted,   given that a district court should provide leave to amend "when amendment could cure the deficiency and would not be inequitable." *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002),  Brown will be afforded leave to amend the complaint to name the individuals personally involved in the alleged denial of the use of a wheelchair.

An appropriate order will issue.

Dated: August 19, 2005

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

6

## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WENDELL K. BROWN,** | : | **CIVIL NO. 3:CV-04-2083** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **DESMOND, WARDEN, et al.,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

AND NOW, to wit, this ⟨19th⟩ day of August 2005, upon consideration of the Defendants' motion to dismiss (Doc. 12), and in accordance with the accompanying memorandum, **IT IS HEREBY ORDERED:**

1. Defendants' motion to dismiss (Doc. 12) is GRANTED;

2. All other pending motions (Docs. 19, 24, 31) are DENIED as moot;

3. Plaintiff is afforded fifteen (15) days from the date of this order to file an amended complaint;

4. The amended complaint shall carry the same civil docket number presently assigned to this matter and shall be a short, plain, and concise statement of the claim and, shall be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed.  Fed.R.Civ.P. 8(e)(1).

5. Failure to file an amended complaint will result in dismissal of the action.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court