IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WENDELL K. BROWN, | : | CIVIL NO. 3:CV-04-2083 |
|     Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| DESMOND, WARDEN, et al., | : | |
|     Defendants | : | |

## ORDER

Presently pending is defendants' motion to dismiss plaintiff's complaint. (Doc. 38). On November 22, 2005, because plaintiff had not filed a brief in opposition to defendants' motion, see L.R. 7.6 ("Any party opposing any motion shall file a responsive brief. . . . [or] shall be deemed not to oppose such motion."), an order issued affording plaintiff until December 2, 2005, to oppose the motion. (Doc. 42). At that time, plaintiff was cautioned that his failure to file an opposition brief may result in the granting of the motion, or dismissal of this case for failure to prosecute. See L.R. 7.6; FED. R. CIV. P. 41(b) ("For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or any claim against the defendant."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (interpreting Federal Rule of Civil Procedure 41(b) as permitting *sua sponte* dismissals by the court); Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (identifying six factors relevant to deciding whether to dismiss for failure to prosecute). Plaintiff has failed to file an opposition brief. As such, his action will be dismissed for failure to prosecute.

Plaintiff, acting *pro se* in this action, was advised of the necessity of responding to defendants' motion and to orders of court and is personally responsible for failing to do so. See

Poulis, 747 F.2d at 868 (identifying "extent of the party's personal responsibility" as first factor). Plaintiff's conduct has prejudiced defendants by requiring defendants to assume the cost of continued preparation for trial without prompt resolution of the likely meritorious motion to dismiss. See id. (identifying "[p]rejudice to the adversary" as second factor). Also, plaintiff's failure to respond to defendants' motion or order of court (Docs. 38, 42), or to file any documents in the above-captioned case since the filing of the amended complaint on September 1, 2005, constitutes a history of dilatoriness. see Poulis, 747 F.2d at 868 (identifying "history of dilatoriness" as third factor). Further, plaintiff's failure to respond to the order of court (Doc. 42) when advised by the court that inaction may result in dismissal of the above-captioned case constitutes willful disregard of the court's authority. See id. at 868-69 (identifying "willful" or "bad faith" conduct as fourth factor). Lastly, admission of certain facts or evidence or assessment of costs against plaintiff would be ineffective to deter plaintiff's conduct because plaintiff has already been deemed not to oppose the motions[1] and because plaintiff is proceeding *in forma pauperis* in this action (Doc. 7). See id. at 869 (identifying availability of "[a]lternative sanctions" to dismissal as fifth factor). Consequently, plaintiff's action will be dismissed.

AND NOW, to wit, this 19th day of December, 2005, **IT IS HEREBY ORDERED** that:

1. The above-captioned action is DISMISSED for failure to prosecute. See FED. R. CIV. P. 41(b).

2. The Clerk of Court is directed to CLOSE this case.

---

[1] See L.R. 7.6 ("Any respondent who fails to comply with this rule shall be deemed not to oppose such motion.").

2

3. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

BY THE COURT:

_____
JUDGE JAMES M. MUNLEY
United States District Court
